**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3325-21

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JONATHAN CRUZ,

    Defendant-Appellant.

_____

Argued October 23, 2023 – Decided March 27, 2024

Before Judges Gilson, DeAlmeida and Berdote Byrne.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Municipal Appeal No. MA-24-2021.

Luke C. Kurzawa argued the cause for the appellant (Reisig Criminal Defense & DWI Law, LLC, attorneys; Luke C. Kurzawa, on the brief).

David Michael Liston, Assistant Prosecutor, argued the cause for respondent (Yolanda Ciccone, Middlesex County Prosecutor, attorney; David Michael Liston, of counsel and on the brief).

PER CURIAM

Defendant Jonathan Cruz appeals from the May 17, 2022 order of the Law Division denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

I.

On May 19, 2016, following a traffic stop, a Plainsboro police officer charged defendant with: (1) failure to maintain lane, N.J.S.A. 39:4-88(b); (2) speeding, N.J.S.A. 39:4-98; (3) driving while license suspended, N.J.S.A. 39:3-40; (4) driving while intoxicated (DWI), N.J.S.A. 39:4-50; (5) refusal to submit a breath sample for testing, N.J.S.A. 39:4-50.2; (6) reckless driving, N.J.S.A. 39:4-96; (7) failure to display vehicle registration, N.J.S.A. 39:3-29; (8) driving after registration revoked, N.J.S.A. 39:3-40; and (9) driving without an ignition interlock device, N.J.S.A. 39:4-50.19. Defendant had been twice before convicted of DWI and twice before convicted of driving while his license was revoked.

Defendant was represented by counsel who retained the services of a retired State Trooper as an expert. After reviewing various items provided to him by defendant's counsel, the expert prepared a report. Among the items provided to the expert was a DVD containing a dashcam video recording of the arrest. According to the expert's report, after defendant was stopped for

suspected motor vehicle violations, he "was placed under arrest for driving while under the influence of alcohol" and given field sobriety tests. The expert noted that the tests were captured on the dashcam recording, but the "DVD could not be opened." Despite being unable to review the recording, the expert opined that the field sobriety testing of defendant was not administered according to standardized instructions, compromising the results.

Defendant subsequently entered a guilty plea to refusing to provide a breath sample and driving while his license was suspended. Pursuant to a negotiated agreement, the State dismissed the remaining charges in exchange for defendant's plea.

At the plea hearing, defendant and his counsel engaged in the following exchange:

> [Counsel]: Jonathan, on May 19th of this year, you were operating a motor vehicle in the Township of Plainsboro?
>
> [Defendant]: Yes.
>
> [Counsel]: And you admit that at the time that you were driving, that your license was under suspension?
>
> [Defendant]: That is correct.
>
> [Counsel]: And that you had contact with the police, is that correct?

[Defendant]: That is correct.

[Counsel]: And that based on that contact, which we are stipulating was reasonable and legal, that the officer had probable cause to request that you submit samples of your breath for alcohol testing? Do you agree with that?

[Defendant]: Yes.

[Counsel]: And – and, in fact, the officer did, in fact, take the proper steps, read you the proper form, and request that you submit samples of your breath, correct?

[Defendant]: That is accurate.

[Counsel]: And then after he did that, your answer was something other than the word "yes," is that correct?

[Defendant]: That is accurate.

[Counsel]: All right. And, in fact, you said, "No."

[Defendant]: Correct.

[Counsel]: And you did that on two occasions?

[Defendant]: Yes.

[Counsel]: And that was an intentional, willful refusal on your part to submit the breath samples as required by law.

[Defendant]: That's accurate.

4

Prior to accepting the plea, the court had the following exchange with the municipal prosecutor:

> [Court]: Mr. Prosecutor, do you want to make a representation to me in connection with this matter?
>
> [Prosecutor]: Yes, Judge. . . . Judge, the State has had the opportunity to review the reports, had the opportunity to discuss the matter with [the police officer who arrested defendant]. I also ordered a copy of the MVR (sic), which shows the defendant's performance on the standardized field sobriety tests. I was able to actually watch that today, Judge. . . . .
>
> . . . .
>
> [Prosecutor]: Judge, based on – I guess looking at all the evidence that's been provided, including reciprocal discovery, the State recognizes that although there was . . . probable cause to arrest [defendant] for suspicion of DWI, the State has concerns about, based on defendant's overall performance . . . in the context of what [defendant's expert] would be testifying to, I'd be able to meet its burden and prove the DWI beyond a reasonable doubt. So . . . that's why the State is dismissing that charge, Judge.

The court also asked defendant about his counsel's representation:

> [Court]: Mr. Cruz, you had an opportunity to go over this entire matter with your attorney, is that right?
>
> [Defendant]: Yes, your Honor.
>
> . . . .

A-3325-21

[Court]:            You've had enough time to talk to
your attorney?

[Defendant]:        More than enough time.

After accepting defendant's plea, the court sentenced him to a ten-day term of incarceration, a ten-year loss of driving privileges, a three-year period of having an interlock device installed in his vehicle, and twelve hours at the Intoxicated Driver Resource Center. Defendant did not file an appeal of his conviction or sentence.

Five years after his conviction, defendant filed a petition for PCR. He argued that his conviction should be vacated because: (1) his plea lacked an adequate factual basis as required by Rule 7:6-2(a)(1), given that he did not state at the plea hearing that he had been arrested for DWI before being asked to provide a breath sample, a required element of the refusal statute; and (2) his trial counsel was ineffective because he did not review the dashcam video recording of his arrest with him prior to entry of the plea. He did not submit a certification supporting his ineffective assistance argument.

The municipal court issued an oral opinion denying defendant's petition without an evidentiary hearing. The municipal court found that defendant's plea was sufficient to constitute an admission to all of the elements of the refusal statute. In addition, the municipal court found that defendant produced no

6

evidence that he or his counsel were unable to open the video recording or that his counsel failed to review the recording with him. A November 10, 2021 order memorializes the municipal court's decision.

Defendant appealed to the Law Division. He raised the same claim with respect to the factual basis for his plea, but changed his ineffective assistance of counsel argument. Defendant argued that his trial counsel was ineffective because he did not provide a working copy of the video recording to his expert.

Judge Robert J. Jones issued a comprehensive written opinion rejecting defendant's petition. With respect to the basis for defendant's plea, the Judge, citing State v. Marquez, 202 N.J. 485 (2010), noted that one of the four elements of refusing to provide a breath sample is that defendant was arrested for DWI. Judge Jones concluded:

> As part of his plea, Cruz admitted that police read him the standard statement given to those arrested for driving while intoxicated. As part of this statement, the officer tells defendant that the law requires drivers to provide breath samples, and it goes over the repercussions for refusing to do so. The very first sentence the officer reads pertains to the arrest: "1. You have been arrested for driving while intoxicated. N.J.S.A. 39:4-50." So, by admitting he was read the standard statement, Cruz admitted he was informed about his arrest for DWI. This undermines the notion that he did not know he was arrested for [DWI] and that his plea did not reflect this knowledge.

[(Footnote omitted).]

In a footnote, the judge cited to a website which contains the Attorney General's standard statement to be read to motor vehicle operators before an officer requests a breath sample.[1]

The judge reasoned that the purpose of the second element is to ensure that a suspected drunk driver is aware that the officer has a basis for requesting a breath sample and that a refusal poses legal repercussions. Based on that finding, the judge found defendant admitted the second element of the statute.

Judge Jones concluded that defendant waived the argument that his counsel was ineffective for not providing the expert with a working copy of the recording by not raising that argument in the municipal court. The judge also found that even if he were to consider the argument, defendant was not entitled to relief. This was so, the judge concluded, because defendant did not produce an affidavit in support of his allegations. The expert report, the judge also found, was not admitted in the municipal court and was not, therefore, part of the record. Moreover, the judge concluded, the report, if considered, stated only

---

[1]  N.J. Attorney General's Standard Statement for Motor Vehicle Operators (N.J.S.A. 39:4-50.2) (effective July 1, 2012). Available at https://www.nj.gov/oag/dcj/njpdresources/dui/pdfs/english1.pdf (accessed 3/19/2024).

A-3325-21

that the expert was unable to open the recording prior to issuing the report. The record was silent as to whether the expert later reviewed the recording. Finally, the judge found defendant produced no evidence that the video, if reviewed by the expert, would have resulted in a different outcome, given that he did not plead guilty to DWI. A May 17, 2022 order memorializes the judge's decision.

This appeal followed. Defendant raises the following arguments.

> POINT I
>
> THE GUILTY PLEA IN PLAINSBORO TOWNSHIP ON SEPTEMBER 28, 2016 SHOULD HAVE BEEN VACATED ON DE NOVO REVIEW BY THE LAW DIVISION PREDICATED UPON THE MUNICIPAL COURT'S FAILURE TO OBTAIN A SUFFICIENT FACTUAL BASIS IN ACCORDANCE WITH NEW JERSEY COURT RULE 7:6-2(a)(1).
>
> POINT II
>
> DEFENDANT SUFFERED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN HE ENTERED HIS GUILTY PLEA ON SEPTEMBER 28, 2016 IN THE PLAINSBORO TOWNSHIP MUNICIPAL COURT BECAUSE PRIOR DEFENSE COUNSEL FAILED TO PROVIDE THE DEFENSE EXPERT WITH OPERABLE VIDEO EVIDENCE RELEVANT TO THE MATTER WITH DEFENDANT.

II.

A.

We begin with the trial court's decision regarding the factual basis for defendant's conviction. Our "review of a trial court's denial of a motion to vacate a guilty plea for lack of an adequate factual basis is de novo." State v. Tate, 220 N.J. 393, 403-04 (2015). In Tate, the Court acknowledged "[a]n appellate court is in the same position as the trial court in assessing whether the factual admissions during a plea colloquy satisfy the essential elements of an offense." Id. at 404. Trial courts "reviewing the adequacy of the factual basis to a guilty plea" do not make determinations "based on witness credibility or the feel of the case, circumstances that typically [would] call for deference to the trial court." Ibid.

The necessity for a factual basis to support a guilty plea is rooted in due process. See McCarthy v. United States, 394 U.S. 459, 466-67 (1969) (explaining defendants' due process rights implicated by the requirement of a factual basis in guilty pleas). "Simply put, a defendant must acknowledge facts that constitute the essential elements of the crime." State v. Gregory, 220 N.J. 413, 420 (2015). "The factual basis for a guilty plea," the Court explained," can be established by a defendant's explicit admission of guilt or by a defendant's

acknowledgment of the underlying facts constituting essential elements of the crime." Id. at 419. The factual basis for a plea must come "from the lips" of the defendant. Tate, 220 N.J. at 408 (quoting State v. Barboza, 115 N.J. 415, 422 (1989)(internal quotations omitted)). "[A] defendant's admissions 'should be examined in light of all surrounding circumstances and in the context of an entire plea colloquy.'" State v. Campfield, 213 N.J. 218, 231-32 (2013) (quoting State ex rel. T.M., 166 N.J. 319, 327 (2001)).[2]

As the Supreme Court explained when examining N.J.S.A. 39:4-50.2 and N.J.S.A. 39:4-50.4a, the two provisions relating to refusal to provide a breath sample,

> [a] careful reading of the two statutes reveals four essential elements to sustain a refusal conviction: (1) the arresting officer had probable cause to believe that defendant had been driving or was in actual physical control of a motor vehicle while under the influence of alcohol or drugs; (2) defendant was arrested for driving while intoxicated; (3) the officer requested defendant to submit to a chemical breath test and informed defendant of the consequences of refusing to do so; and (4) defendant thereafter refused to submit to the test.

---

[2] Many of the cases that discuss the adequacy of the factual basis for a guilty plea involve pleas to indictable crimes entered pursuant to Rule 3:9-2, which applies to Superior Court matters. Rule 7:6-2 is the municipal court counterpart to Rule 3:9-2. The same standards and requirements for guilty pleas to indictable crimes in Superior Court apply to guilty pleas to quasi-criminal offenses in municipal court.

[Marquez, 202 N.J. at 503.]

Defendant argues that the trial court erred when it concluded that the record of his plea hearing contains sufficient evidence to establish the second factor beyond a reasonable doubt. Having carefully reviewed defendant's arguments in light of the record and applicable legal principles, we reject defendant's arguments regarding the sufficiency of his guilty plea for the reasons stated by Judge Jones in his thorough and well-reasoned written opinion. At the plea hearing, defendant acknowledged that he was stopped by a police officer who thereafter read him the standard form prior to requesting that he provide a breath sample for alcohol testing. The standard form states that the officer has arrested the motor vehicle operator for DWI. We agree with Judge Jones that defendant's statement at the plea hearing was sufficient to constitute an admission that he was under arrest for DWI when asked to provide a breath sample.

Defendant frames his argument as defendant having not admitted at the plea hearing that the officer had probable cause to arrest him for DWI. The second element of the refusal offense, however, is that the defendant was under arrest for DWI, not that the officer who arrested defendant had probable cause to effectuate the arrest. We note that defendant admitted that his contact with

the officer prior to being requested to submit a breath sample was "legal and reasonable." This certainly contradicts defendant's argument that the officer had insufficient grounds to arrest defendant for DWI.

B.

We turn to defendant's ineffective assistance of counsel argument. Under Rule 3:22-2(a), a defendant is entitled to post-conviction relief if there was a "[s]ubstantial denial in the conviction proceedings of defendant's rights under the Constitution of the United States or the Constitution or laws of the State of New Jersey . . . ." "A petitioner must establish the right to such relief by a preponderance of the credible evidence." State v. Preciose, 129 N.J. 451, 459 (1992). "To sustain that burden, specific facts" which "would provide the court with an adequate basis on which to rest its decision" must be articulated. State v. Mitchell, 126 N.J. 565, 579 (1992).

The Sixth Amendment to the United States Constitution and Article I, Paragraph 10 of the New Jersey Constitution guarantee criminal defendants the right to the effective assistance of counsel. State v. O'Neil, 219 N.J. 598, 610 (2014) (citing Strickland v. Washington, 466 U.S. 668, 686 (1984); State v. Fritz, 105 N.J. 42, 58 (1987)). To succeed on a claim of ineffective assistance of counsel, the defendant must meet the two-part test established by Strickland

13

and adopted by our Supreme Court in Fritz. 466 U.S. at 687; 105 N.J. at 58. Under Strickland, a defendant first must show that his or her attorney made errors "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." 466 U.S. at 687. Counsel's performance is deficient if it "[falls] below an objective standard of reasonableness." Id. at 688.

A defendant also must show that counsel's "deficient performance prejudiced the defense[,]" id. at 687, because "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome" of the trial. Ibid. "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Id. at 697; State v. Marshall, 148 N.J. 89, 261 (1997). "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Strickland, 466 U.S. at 697.

The right to the effective assistance of counsel extends to legal assistance related to the entry of a guilty plea. State v. Gaitan, 209 N.J. 339, 350-51 (2012).

14

To set aside a guilty plea based on ineffective assistance of counsel, the defendant must "show that (i) counsel's assistance was not 'within the range of competence demanded of attorneys in criminal cases'; and (ii) 'that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial.'" State v. Nunez-Valdez, 200 N.J. 129, 139 (2009) (quoting State v. DiFrisco, 137 N.J. 434, 457 (1994) (citations omitted) (alteration in original)).

We review a judge's decision to deny a PCR petition without an evidentiary hearing for abuse of discretion. State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013) (citing Marshall, 148 N.J. at 157-58). A hearing is required only if: (1) a defendant establishes a prima facie case in support of PCR; (2) the court determines that there are disputed issues of material fact that cannot be resolved by review of the existing record; and (3) the court determines that an evidentiary hearing is required to resolve the claims asserted. State v. Porter, 216 N.J. 343, 354 (2013) (citing R. 3:22-10(b)). "A prima facie case is established when a defendant demonstrates 'a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits.'" Id. at 355 (quoting R. 3:22-10(b)).

15

"[T]o establish a prima facie claim, a petitioner must do more than make bald assertions that he was denied the effective assistance of counsel." Ibid. (quoting State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999)). A PCR petition must be "accompanied by an affidavit or certification by defendant, or by others, setting forth with particularity[,]" State v. Jones, 219 N.J. 298, 312 (2014), "facts sufficient to demonstrate counsel's alleged substandard performance[,]" Porter, 216 N.J. at 355 (quoting Cummings, 321 N.J. Super. at 170); see also R. 3:22-10(c).

We have reviewed defendant's ineffective assistance arguments in light of the record and applicable legal principles, and affirm the trial court for the reasons stated by Judge Jones in his thorough and well-reasoned written opinion. Defendant produced no evidence that his counsel failed to provide a working version of the recording to his expert prior to entry of defendant's guilty plea.

Moreover, even assuming the expert did not review the recording, nothing in the record suggests that the contents of the recording, if viewed by the expert, would have resulted in a different outcome. At the plea hearing, the prosecutor admitted that the State agreed to defendant's guilty plea to the refusal charge because, after viewing the recording and in light of the expert's report, the prosecutor was unsure if he could prove the DWI charge beyond a reasonable

doubt. Defendant made no convincing argument that he could have obtained a more favorable outcome had his expert reviewed the recording.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3325-21